UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____ |

COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the United States Army Corps of Engineers ("Corps"), files this Complaint and alleges as follows:

NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 107(a) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9607(a) and 9613(g)(2) ("CERCLA"), and the Formerly Utilized Sites Remedial Action Program ("FUSRAP"), Pub. L. 107-117, and Pub. L. 106-60, § 611.  In this action, the United States seeks to recover from Defendant Texas Instruments, Inc., (hereinafter "Defendant") costs incurred, and to be incurred, by the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), in connection with the release or threatened release of hazardous substances at or from

the Shpack Landfill Superfund Site ("Site") located in the Town of Norton, Massachusetts and the City of Attleboro, Massachusetts.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over Defendant under 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b).

3. Venue is proper in this judicial district for the claims pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANT

4. Defendant is incorporated in the State of Delaware and its principal place of business is in Dallas, Texas.

5. M & C Nuclear, Inc., the wholly owned subsidiary of Metals and Controls, Inc. (collectively "M&C"), are predecessors to Defendant. In the 1950's, M&C performed work under various contracts with the United States, including the Atomic Energy Commission ("AEC") and/or its contractors. Under these contracts, M&C manufactured, among other things, nuclear fuel core components at its manufacturing facility in Attleboro, Massachusetts.

6. In 1959, M&C merged with Defendant. After the merger, Defendant continued working with radioactive materials at the Attleboro facility under various commercial contracts as well as contracts with the United States until approximately 1981.

7. Work under these contracts involved the use of radioactive materials such as Uranium-234 (U-234), Uranium-235 (U-235), and Uranium-238 (U-238). Depleted uranium and

U-235 in varying levels of enrichment were also used and/or generated by Defendant and/or its predecessors at the Attleboro facility.

8. Defendant's, and/or its predecessor's, operations at the Attleboro facility also involved the manufacturing of items such as thermostats and circuit breakers that contained radium-226 (R-226).

## GENERAL ALLEGATIONS

9. The Site is located on the border of Norton and Attleboro, Bristol County, Massachusetts, and comprises approximately 9.4 acres.

10. The Shpack Parcel of the Site is approximately 6 acres located in the Town of Norton, Massachusetts. The Shpack Parcel was operated as a dump for residents and businesses in the area from approximately 1946 through 1975.

11. Hazardous substances, including but not limited to radioactive materials, came to be located on the Shpack Parcel.

12. The City of Norton purchased the Shpack Parcel in 1981 and is the current owner of the Shpack Parcel.

13. The portion of the Site located in Attleboro, Massachusetts is known as the Dumont Parcel. The Dumont Parcel is approximately 3.4 acres and was operated as a burning dump for residents and businesses in the area from approximately 1946 through 1965.

14. Hazardous substances, including but not limited to radioactive materials, came to be located on the Dumont Parcel.

15. The Dumont Parcel is currently owned by Attleboro Landfill, Inc.

16. FUSRAP was established in 1974 by the AEC under authorities granted by the Atomic Energy Act, 42 U.S.C. §§ 2011-2281 (1954). The purpose of FUSRAP is to identify,

investigate, and cleanup sites where residual radioactive waste remains as a result of the early years of the United States' atomic energy program. The AEC was abolished in 1975 and FUSRAP was transferred to the Department of Energy ("DOE"). In 1998, responsibility for the administration and execution of FUSRAP was transferred from DOE to the Corps pursuant to the Energy and Water Development Appropriations Act, Pub. L. 98-50, 111 Stat. 1320, Sec. 1326.

17. In 1978, the Nuclear Regulatory Commission ("NRC") conducted a visual inspection of the Site as part of its radiological survey of the Site. The inspection revealed written markings found at the Site including a metal item containing the words, "Metals and Controls;" a wooden board reading, "Texas Instruments, Inc., Metals and Controls Division;" plastic items reading, "Klixon, Metals and Controls Inc., Corporate Division of Texas Instruments, Attleboro, Massachusetts, Made in U.S.A;" and other plastic containers reading "Texas Instruments, Attleboro, Massachusetts."

18. The NRC's radiological survey in 1978 indicated the presence of U-234, U-235, U-238, and R-226 at the Site.

19. As part of its investigation of the Site, the NRC also interviewed some of Defendant's current and former employees. The interviews established that trash and ashes from burned zirconium chips, containing uranium, were at one time disposed of at the Site by Defendant.

20. At or around the time of the NRC investigation, Klixon Thermostats, containing radium, and manufactured by Defendant and/or its predecessor, were found at the Site.

21. In 1980, the Department of Energy ("DOE") conducted a removal action at the Site in which approximately 800 pounds of radioactive material was removed from the Site.

22. The NRC conducted additional radiological surveys at the Site in 1980 and 1982 and again found the presence of U-234, U-235, U-238, and R-226.

23. From 1982 to 1992, the Environmental Protection Agency ("EPA") performed sampling at the Site and found volatile organic compounds ("VOCs"), semi-volatile organic compounds ("SVOCs"), and polychorinated biphenyls ("PCBs").

24. In 1990, EPA negotiated an Administrative Order by Consent ("AOC") in relation to the performance of a remedial investigation at the Site with six potentially responsible parties, including Defendant.

25. In 2002, the United States Congress passed Public Law 107-117 under FUSRAP which directed the Corps to clean up radioactive contamination at the Site. Subsection (b) of Section 611, Public Law 106-60, provides that any response action under FUSRAP shall be subject to CERCLA.

26. In 2004, the remedial investigation, performed pursuant to the AOC, indicated the presence of VOCs, SVOCs, and PCBs at the Site, and EPA issued its Record of Decision ("ROD") in relation to the clean-up of the Site.

27. The ROD provides for the excavation and off-site disposal of soil and sediment exceeding radiological and chemical cleanup levels. In 2009, eleven potentially responsible parties, including Defendant, signed a Consent Decree with the United States to address the chemical contamination found at the Site.

28. The Corps performed the remedy selected in the ROD as related to the exceedances of radiological elements at the Site. Excavation and disposal of the chemical contamination at the Site is expected to commence in the near future.

29. The Corps began on-Site remedial action work at the Site on August 22, 2005, and performed the radiological remediation at the Site by excavating, screening, sampling, and removing the radiological material from the Site to an authorized off-site disposal facility.

30. On October 15, 2009, Defendant filed a complaint in the Court of Federal Claims. See Texas Instruments Incorporated v. United States, Case no., 1:09-00701 (JPW). In its complaint Defendant alleged any liability for disposal of radioactive materials relating to its nuclear fuel work under AEC contracts is subject to indemnity by the DOE. See Docket #1.

## SPECIFIC ALLEGATIONS

31. To address the release or threatened release of hazardous substances at the Site, the Corps conducted response activities in connection with the Site, pursuant to CERCLA Section 104, 42 U.S.C. § 9604, and FUSRAP, Pub. L. 107-117, and Pub. L. 106-60.

32. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

33. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

34. At times relevant to this action, there were "releases" or "threats of releases of hazardous substances" into the environment at or from the Site within the meaning of Sections 101(22), and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a).

35. U-234, U-235, U-238, and R-226 are "hazardous substances" within the meaning of Sections 101(14) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14) and 9607(a), as well as 40 C.F.R. § 302.4, and were released or threatened to be released at the Site.

36. The Corps' actions at the Site constitute "response" actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

37.     In undertaking a response action to address the release or threat of release of hazardous substances at the Site, as of March 30, 2012, the Corps has incurred response costs of at least $70,725,464 at the Site.

38.     The response costs incurred by the Corps in connection with the Site were incurred in a manner not inconsistent with the National Contingency Plan, promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. § 300.

39.     The United States has not been reimbursed for the costs incurred by the Corps ongoing response action at the Site.

## CLAIM FOR RELIEF

40.     Paragraphs 1-39, above, are realleged and incorporated herein by reference.

41.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) provides, in pertinent part, that:

> (3)     any person who by contract, agreement, or otherwise arranged for disposal or treatment . . . of hazardous substances owned or possessed by such person . . . shall be liable for;
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . .

42.      Stemming from its nuclear fuel related operations at its Attleboro facility, Defendant, and/or its predecessor, M&C, arranged for the disposal of U-234, U-235, and U-238 at the Site.

43.     As a result of its commercial operations at its Attleboro facility, Defendant, and/or its predecessor, M&C, used R-226 in its manufacturing processes, and arranged for the disposal of R-226 at the Site.

44.      Pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as a person who arranged for the disposal or treatment of hazardous substances at the Site within the meaning of Section 101(29) of CERCLA, 42 U.S.C. § 9601(29), Defendant is jointly and

severally liable to the United States for all costs incurred, and to be incurred, in connection with the Site, including enforcement costs and interest on all such costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States respectfully requests that this Court:

a. Order Defendant to reimburse the United States for all unreimbursed costs of the response actions incurred relative to the Site, including interest, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

b. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), enter a declaratory judgment that Defendant is jointly and severally liable for all future response costs incurred, and to be incurred by the United States in connection with the Site; and

c. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Date: 11/21/2012

/s Tyler Tarrant_____
TYLER TARRANT
RACHEL KING
Trial Attorneys
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-3483

CARMEN M. ORTIZ
United States Attorney

8

                                                George B. Henderson, II
                                                Assistant U.S. Attorney
                                                John J. Moakley U.S. Courthouse
                                                1 Courthouse Way, Suite 9200
                                                Boston, MA 02210
                                                (617) 748-3272

Of Counsel:

Joseph McInerny
Deputy District Counsel
U.S. Army Corps of Engineers
New England District
696 Virginia Road
Concord, MA  01742