UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS INCORPORATED,<br><br>Defendant. | :<br>:<br>:<br>:<br>: Civil No. 1:12-cv-12175<br>:<br>:<br>:<br>:<br>: |

**CONSENT DECREE**

## TABLE OF CONTENTS

I. BACKGROUND ..........................................................................................................1

II. JURISDICTION .........................................................................................................1

III. PARTIES BOUND .....................................................................................................2

IV. DEFINITIONS ...........................................................................................................2

V. PAYMENT OF RESPONSE COSTS ........................................................................4

VI. FAILURE TO COMPLY WITH CONSENT DECREE ...........................................5

VII. COVENANTS BY PLAINTIFF .................................................................................6

VIII. RESERVATIONS OF RIGHTS BY UNITED STATES ..........................................6

IX. COVENANTS BY SETTLING DEFENDANT ........................................................7

X. EFFECT OF SETTLEMENT/CONTRIBUTION .....................................................8

XI. RETENTION OF RECORDS ....................................................................................9

XII. NOTICES AND SUBMISSIONS .............................................................................10

XIII. RETENTION OF JURISDICTION ..........................................................................11

XIV. INTEGRATION .......................................................................................................11

XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ............................11

XVI. SIGNATORIES/SERVICE ......................................................................................11

XVII. FINAL JUDGMENT ................................................................................................12

## I. BACKGROUND

A. The United States of America ("United States"), on behalf of the United States Army Corps of Engineers ("Corps"), filed a Complaint naming Texas Instruments Incorporated a defendant in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Shpack Superfund Site in Norton and Attleboro, Massachusetts ("the Site").

B. Texas Instruments Incorporated ("Settling Defendant" or "TI") by entering into this Consent Decree does not admit any liability to the United States ("Plaintiff") arising out of the transactions or occurrences alleged in the Complaint filed in this action.

C. The United States entered into a Consent Decree in 2009, United States v. City of Attleboro, et. al., No. 1:08-cv-12038, with a group of settling defendants, including TI, related to the cleanup of chemical contamination at the Site.

D. On October 15, 2009, Settling Defendant filed an action in the Court of Federal Claims, captioned Texas Instruments Incorporated, f/k/a Metals and Controls Corp., M&C Nuclear, Inc. v. United States, No. 1:09-cv-701, (the "Indemnity Case"), seeking indemnity from the United States for costs associated with the Corps' cleanup at the Site as set forth in the Complaint and for costs associated with matters since resolved in the District Court of Massachusetts, Nos. 1:08-cv-10904-RGS and 1:08-cv-10905-RGS. As described in Section IX (Covenants by Settling Defendant), the entry of this Consent Decree will result in the voluntary dismissal with prejudice of the above referenced Indemnity Case in the Court of Federal Claims.

E. The United States and Settling Defendant (collectively the "Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying Complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the

terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon Settling Defendant and its predecessors, successors, and assigns. Any change in ownership or corporate or other legal status of the Settling Defendant, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

### IV. DEFINITIONS

3. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

b. "Consent Decree" shall mean this Consent Decree.

c. "Corps" shall mean the United States Army Corps of Engineers and its successor departments, agencies, or instrumentalities.

d. "Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e. "DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

f. "DOE" shall mean the United States Department of Energy as successor to the Atomic Energy Commission and any successor departments, agencies or instrumentalities.

g. "Effective Date" shall mean the date upon which this Consent Decree is entered or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court Docket.

h. "Escrow" shall mean the restricted account established by Settling Defendant for deposit of the amount specified in Paragraph 5, of this Consent Decree

i. "FUSRAP" shall mean the Formerly Utilized Sites Remedial Action Program administered by the United States Department of Energy and the United States Army Corps of Engineers.

j. "FUSRAP Waste" shall encompass all soils, sediments, groundwater, surface water, building or other materials located at the Site, including under or within the boundaries of the Site, remediated by the Corps pursuant to the 2004 Record of Decision for the Site.

k. "Interest," except in Paragraph 4, shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. The term "interest" used in Section V, Paragraph 4, shall mean the commercially reasonable rate earned by the restricted account Settling Defendant establishes for Escrow.

l. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

m. "Parties" shall mean the United States and Settling Defendant.

n. "Radiological Response Costs" shall mean all costs, including but not limited to direct and indirect costs, incurred or to be incurred by the United States pursuant to FUSRAP in cleaning up FUSRAP Waste at the Site, plus accrued Interest on all such costs. Radiological Response Costs shall not include any Interim Response Costs, Future Response Costs, and Oversight Costs incurred, or to be incurred, by the United States Environmental Protection Agency ("EPA") in coordinating with the United States Army Corps of Engineers response actions relating to FUSRAP Waste, as those terms are defined in the 2009 Consent Decree.

o. "Plaintiff" shall mean the United States, on behalf of the United States Army Corps of Engineers.

p. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

q. "Settling Defendant" shall mean Texas Instruments, Incorporated.

r. "Site" shall mean the Shpack Landfill Superfund Site, encompassing approximately 9.4 acres, located on the boundary line between the towns of Norton and Attleboro, MA.

s. "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including the Corps.

t. "2004 Record of Decision" shall mean the decision document EPA issued on September 30, 2004 selecting the remedial action to address both the chemical and radiological contamination found at the Shpack Landfill Superfund Site.

u. "2009 Consent Decree" shall mean the Remedial Design Remedial Action consent decree, <u>United States v. City of Attleboro, et. al.</u>, No. 1:08-cv-12038, between the United States, Settling Defendant, and additional named parties relating to the chemical contamination at the Site.

## V. PAYMENT OF RESPONSE COSTS

4.  <u>Payment by Settling Defendant for Past Radiological Response Costs</u>. Within fifteen business days after Settling Defendant receives written notice from the United States that this Consent Decree has been lodged with the Court, Settling Defendant shall deposit $15,000,000.00 into an interest-bearing escrow account in a duly chartered bank or trust company that is insured by the Federal Deposit Insurance Corporation (the "Escrow Account"). If the Court denies entry of this Consent Decree, and the time for any appeal of that decision has run, or if the Court's denial of entry is upheld on appeal, the monies placed in escrow, together with accrued interest thereon, shall be returned to Settling Defendant. If the Consent Decree is entered by the Court, Settling Defendant shall, within 15 days thereof, cause the monies in the Escrow Account to be paid to the Corps in accordance with Paragraphs 5 and 6 below.

5.  Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number _____, and DOJ Case Number 90-11-2-08360/1. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Massachusetts following entry of the Consent Decree by the Court. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day. At the time of payment, Settling Defendant shall send notice that payment has been made to the Corps and DOJ in accordance with Section XII (Notices and Submissions).

6.  The total amount to be paid pursuant to Paragraph 4 shall be forwarded to the Corps and will be credited to the account used to fund response actions at FUSRAP sites, and will be available for response action costs for any FUSRAP site. The point of contact for payment at the Corps shall be:

> U.S. Army Corps of Engineers, New England District
> Attn: CENAE-RM, Robert Henderson
> 696 Virginia Road
> Concord, MA 01748-2718
> Tel. (978) 318-8128
> Email: Robert.A.Henderson@usace.army.mil

4

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

7. <u>Interest on Late Payments</u>. If Settling Defendant fails to make the payment required by Paragraph 4 by its due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

8. <u>Stipulated Penalty</u>.

    a. If any amounts due under Paragraph 4 (Payment by Setting Defendant for Radiological Response Costs) are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall also pay, $5,000 per violation per day as a stipulated penalty for each day payment is late, in addition to the Interest required by Paragraph 7.

    b. Stipulated penalties are due and payable within 30 days after the date of the Corps' demand for payment of the penalties. All payments under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "United States Treasury." The check, or a letter accompanying the check shall reference the name and address of the party making payment, the Site name, and DOJ case number 90-11-2-08360/1, and shall be sent to Fedwire Electronic Funds Transfer ("EFT") to:

> <u>United States Attorney, District of Massachusetts</u>
> John Joseph Moakley
> United States Federal Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA 02210
> (617) 748-3100

    c. At the time of any payment, Settling Defendant shall send notice to the Corps and DOJ in accordance with Section XII (Notices and Submissions) that payment has been made.

    d. Penalties shall accrue as provided in this Paragraph regardless of whether the Corps has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue after the time and date required by Paragraph 4, and shall continue to accrue through the close of business on the date of payment. Nothing in this Consent Decree shall prevent the accrual of separate penalties for separate or simultaneous violations of this Consent Decree.

9. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

10. Payment(s) made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

11. Notwithstanding any other provision of this Section, the Corps may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. COVENANTS BY PLAINTIFF

12. <u>Covenants by United States for Settling Defendant</u>. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Radiological Response Costs at the Site. These covenants shall take effect upon receipt by the Corps of the payments required by Paragraph 4 (Payment by Settling Defendant for Radiological Response Costs) and any penalty amount(s) due under Section VI (Failure to Comply with Consent Decree). These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. These covenants extend only to Settling Defendant and do not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

13. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenants by Plaintiff in Paragraph 12. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. liability for failure of Settling Defendant to meet a requirement of the 2009 Consent Decree it entered into with the United States;

    c. liability for costs incurred or to be incurred by the United States that are not within the definition of Radiological Response Costs.

    d. liability arising from any disposal of hazardous substances at the Site by Settling Defendant after the signature of this Consent Decree by Settling Defendant other than what may be required by Settling Defendant to meet its obligations relative to the chemical cleanup at the Site under the 2009 Consent Decree;

6

   e.  liability arising from past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant from any other site;

   f.  criminal liability; and

   g.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX. COVENANTS BY SETTLING DEFENDANT

  14. <u>Covenants by Settling Defendant</u>. Within 30 days of the Effective Date of this Consent Decree, Settling Defendant shall move to dismiss with prejudice its lawsuit pending in the Court of Federal Claims, captioned <u>Texas Instruments Incorporated, f/k/a Metals and Controls Corp., M&C Nuclear, Inc. v. United States</u>, No. 1:09-cv-701. Settling Defendant agrees to not seek indemnity pursuant to any statute, regulation, contract, or upon any other basis or theory from the United States for its payment of Radiological Response Costs to the Corps under this Consent Decree. Settling Defendant reserves the right to seek indemnity for any additional tort liability arising out of its connection with the Shpack Landfill Superfund Site that is not currently alleged or described in its Complaint in the Court of Federal Claims, No. 1:09-cv-701.

  15. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its employees, or any contractors who participated in remediation of FUSRAP Waste, relating to Radiological Response Costs or this Consent Decree, including but not limited to:

   a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

   b.  any claim arising out of the response actions related to FUSRAP Waste at the Site, including any claim under the United States Constitution, the Constitution of the Commonwealth of Massachusetts, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

   c.  any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, relating to the Site.

  Except as provided in Paragraph 22 (waiver of claim-splitting defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 13, but only to the extent that Settling Defendant's claims arise from or relate to the same action or costs that the United States is seeking pursuant to the applicable reservation.

16.     Settling Defendant agrees that Radiological Response Costs or any other costs Settling Defendant has incurred or incurs through compliance with this Consent Decree are expressly unallowable costs pursuant to 48 C.F.R. §§ 31.201, 42.709-1, 52.242-3, and related provisions for the purposes of Federal Contracts. In addition, notwithstanding any other provision of this Consent Decree, Settling Defendant agrees that it will not claim or include as allowable costs for purposes of costing or pricing pursuant to contracts with the United States any amounts it may pay as Stipulated Penalties pursuant to paragraph 8 of this Consent Decree. Accordingly, Settling Defendant will not seek or claim these costs as an allowable direct or indirect cost in any Federal Contract.

17.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## X. EFFECT OF SETTLEMENT/CONTRIBUTION

18.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. 9613 § (f)(2)-(3), to pursue any such persons to obtain response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

19.     The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Radiological Response Costs incurred at the Site by the United States cleanup of FUSRAP Waste at the Site pursuant to the 2004 Record of Decision. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against Settling Defendant coming within the scope of such reservations.

20.     Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify the Corps and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify the Corps and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, Settling Defendant shall notify the Corps and DOJ within 10 days after service or receipt of any Motion

8

for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

21. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Sites, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

22. Nothing in this Consent Decree shall alter, modify or abrogate the rights, protections and responsibilities in the 2009 Consent Decree entered by the Court in, United States v. City of Attleboro, et. al., No. 1:08-cv-12038, related to the cleanup of chemical contamination at the Site.

## XI. RETENTION OF RECORDS

23. Until ten years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all non-identical copies of records, reports, or information (hereinafter referred to as "Records") (including records in electronic form) now in its possession or control, or that come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

24. After the conclusion of the ten-year document retention period in the preceding Paragraph, Settling Defendant shall notify the Corps and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by the Corps or DOJ, Settling Defendant shall deliver any such Records to the Corps. Settling Defendant may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the Record; and (6) the privilege asserted. If a claim of privilege applies only to a portion of a Record, the Record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all Records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no Records created or generated pursuant to the requirements of this Consent Decree shall be withheld on the grounds that they are privileged or confidential.

25. Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any

9

Records (other than identical copies) relating to its potential liability regarding the Site since the notification of potential liability by the United States.

## XII. NOTICES AND SUBMISSIONS

26.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the Corps, DOJ, and Settling Defendant, respectively.

<u>As to DOJ</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ #90-11-2-08360/1

<u>As to the Corps</u>:

U.S. Army Corps of Engineers, New England District
Attn: Office of Counsel, Joseph McInerny
696 Virginia Road
Concord, MA 01748-2718

<u>As to Settling Defendant</u>:

Legal Department
Attn: Jonathan Weisberg
Senior Counsel – EHS and Real Estate
Texas Instruments Incorporated
13588 North Central Expressway, MS 3999
Dallas, TX 75243
214-479-1269

## XIII. RETENTION OF JURISDICTION

27.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

Records (other than identical copies) relating to its potential liability regarding the Site since the notification of potential liability by the United States.

## XII. NOTICES AND SUBMISSIONS

26.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the Corps, DOJ, and Settling Defendant, respectively.

<u>As to DOJ</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ #90-11-2-08360/1

<u>As to the Corps</u>:

U.S. Army Corps of Engineers, New England District
Attn: Office of Counsel, Joseph McInerny
696 Virginia Road
Concord, MA 01748-2718

<u>As to Settling Defendant</u>:

Legal Department
Attn: Jonathan Weisberg
Senior Counsel – EHS and Real Estate
Texas Instruments Incorporated
13588 North Central Expressway, MS 3999
Dallas, TX 75243
214-479-1269

## XIII. RETENTION OF JURISDICTION

27.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION

28. This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that, with the exception of the 2009 Consent Decree, there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

29. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

30. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI. SIGNATORIES/SERVICE

31. The undersigned representative of Settling Defendant to this Consent Decree and the Assistant Attorney General of the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

32. Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

33. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII. FINAL JUDGMENT

34. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 5 DAY OF Feb, 2013

_____
United States District Judge

12

FOR THE UNITED STATES OF AMERICA:

11/8/12
Date

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530


TYLER TARRANT
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

FOR TEXAS INSTRUMENTS, INCORPORATED

_____  _____
Date                       Name (print):  Kevin P. March
                           Title:         Senior Vice President and Chief Financial Officer
                           Address:       12500 TI Boulevard
                                          Dallas, Texas  75243


Agent Authorized to Accept Service on Behalf of Above-signed Party:

          Name (print):  Joseph F. Hubach
          Title:         General Counsel
          Address:       13588 North Central Expressway
                         MS 3999
                         Dallas, Texas  75243
          Phone:         214-479-1169


Agent for service in MA:      CT Corporation System
                              155 Federal Street
                              Suite 700
                              Boston, MA  02110